IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL L. PINKERMAN, SR., et al.,

        Plaintiffs,

v.                                             CIVIL ACTION NO.   3:21-cv-00580

CABELL COUNTY COMMISSION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

*I.    BACKGROUND*

Pending before the Court are Defendants' West Virginia State Police and Sgt. Losh's Motion to Dismiss (collectively "State Police Defendants"), (ECF No. 33), Defendants' Village of Barboursville and Darren McNeil's Motion to Dismiss (collectively "Barboursville Defendants"), (ECF No. 39), and Plaintiffs' Michael L. Pinkerman Sr. ("Michael Sr."), Laura J. Pinkerman ("Laura"), and Michael L. Pinkerman, Jr.'s ("Michael Jr.") (collectively "Plaintiffs") letter-form motion for an Additional Extension or Stay on Case No. 3:21-cv-00580, (ECF No. 86).

By Standing Order entered January 4, 2016, and in this case on October 28, 2021, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Aboulhosn entered his PF&R on May 11, 2022, recommending that the Court substitute the Village of Barboursville for the Barboursville Police Department as the proper party herein, deny Defendants' motions to dismiss at this time, grant Plaintiffs' letter-form motion to the extent it

requests a stay of this civil action, and stay this civil action and remove it from the Court's active docket until the final termination of Michael Sr.'s pending state court criminal proceedings, at which time Plaintiffs should petition this Court to lift the stay in this action.  (ECF No. 87 at 22–23.)

The State Police Defendants timely filed Objections, In Part to the PF&R on May 23, 2022, arguing that the Court should reject the PF&R to the extent it recommends that this Court deny the State Police Defendants' Motion to Dismiss because Plaintiffs failed to plead sufficient allegations against the State Police Defendants to survive dismissal.  (ECF No. 88 at 3.)  The State Police Defendants, however, do not object to the PF&R's recommendation to stay this civil action pending the outcome of Michael Sr.'s state court criminal proceeding should any claim against the State Police Defendants not be dismissed.  (*Id.*)  No other Defendants filed objections to the PF&R.

## II.   LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.   DISCUSSION

It should be noted at the outset that this civil action has a companion case also pending before this Court, *Michael L. Pinkerman, Sr., et al. v. Cabell County Commission, et al.*, Case No.: 3:21-cv-00579.  Magistrate Judge Aboulhosn submitted a PF&R in that case, recommending the same course of action described above regarding the instant PF&R.  The State Police Defendants, likewise, proffered the same objections to the instant PF&R that they did to the PF&R in the companion case.

In the companion case, this Court adopted the PF&R to the extent it recommended a stay of that civil action pending final resolution of Michael Sr.'s state court criminal proceeding.[1]  The Court sustained the State Police Defendants' objections to the extent the PF&R recommended that the Court deny their pending motions to dismiss.  The Court deferred ruling on the pending motions to dismiss until after the stay in the companion case is lifted.

The Court will undertake the same course of action in this case as it did in the companion case.  Because Defendants did not object to the PF&R's recommendation regarding a stay of this civil action pending final resolution of Michael Sr.'s state court criminal proceeding, they have waived a *de novo* review of the PF&R to the extent it recommends a stay of this civil action. Accordingly, the Court **ADOPTS** the PF&R to the extent it recommends a stay of this civil action pending final resolution of Michael Sr.'s state court criminal proceeding and **GRANTS** Plaintiffs' letter-form motion to the extent it requests a stay of this civil action.[2]

The Court **SUSTAINS** the State Police Defendants' objections to the PF&R only to the

---

[1] The Court also adopted the PF&R to the extent it recommended that the Village of Barboursville be substituted for the Barboursville Police Department as the proper party therein.

[2] As the PF&R notes, to the extent Plaintiffs' letter-form motion requests additional time in order to obtain counsel, the Court **DENIES** the letter-form motion as **MOOT** given the imposition of a stay of this civil action.

extent it recommends that the Court deny Defendants' Motion to Dismiss at this time. The Court will defer ruling on Defendants' pending motions to dismiss, (ECF Nos. 33, 39), until after the stay in this civil action is lifted.

Finally, the court **ADOPTS** the PF&R to the extent it recommends that the Village of Barboursville be substituted for the Barboursville Police Department as the proper party herein, and **DIRECTS** the Clerk to update the style of this case to so reflect.

IV.  CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the PF&R to the extent it recommends a stay of this civil action, **GRANTS** Plaintiffs' letter-form motion, (ECF No. 86), to the extent it requests a stay of this civil action, **STAYS** this civil action pending final resolution of Plaintiff Michael L. Pinkerman, Sr.'s state court criminal proceeding, **SUSTAINS** the State Police Defendants' Objections only to the extent that the Court will defer ruling on Defendants' pending motions to dismiss until after the stay in this case has been lifted, and **DIRECTS** the Clerk to update the style of this case to reflect the substitution of the Village of Barboursville for the Barboursville Police Department as the proper defendant in this matter. Further, the Court **DIRECTS** the Clerk to remove this action from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 30, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE